[No. 1373.]

## TRAV. SMITH ET AL. *v.* THE STATE.

1. JUDGMENT NISI shall state that the same will be made final unless good cause be shown at the next term of court why the defendant did not appear. This requirement is not supplied by the recital that the "judgment will be made final unless good cause be shown at the next term of the court why the defendant did not appear." See *Collins* v. *The State,* 12 Texas Ct. App., 356.

2. SAME.—An invalid judgment *nisi* will not support a final judgment.

ERROR from the District Court of Cherokee. Tried below before the Hon P. F. Edwards.

This error was prosecuted from the forfeiture of the appearance bond of Trav. Smith, bailed under an indictment charging an assault with intent to murder. The amount of the bond and judgment was three hundred dollars.

*M. Priest,* for the plaintiff in error.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. The judgment *nisi* taken upon the forfeiture of the recognizance corresponds almost literally with the one declared by us invalid in the case of *Collins* v. *The State,* from Callahan county, at the Austin term, 1882. In that case it was held that Article 441, Code Criminal Procedure, expressly provides the manner of taking the forfeiture and the matters which shall be contained in and stated by the judgment, and that a judgment not complying strictly with the requisites therein prescribed could not be held valid for any purpose. It is required, amongst other things, that the judgment *nisi* "shall state that the same will be made final unless good cause be shown at the next term of court why the defendant did not appear." As in the Collins case, so in this case, the judgment does not contain this recital, but in lieu thereof sets forth "that citation shall issue for the said sureties, citing them to appear and answer herein at the next term of this court, and show cause, if any they have, why judgment shall not be made final."

This recital is not a declaration that the judgment "will be made final unless good cause be shown," but simply requires that they, the sureties, shall be cited to show cause why it shall not be made final. This the citation is required to do, by statute, without the necessity of stating it in the judgment *nisi.* (Art. 442, Code Crim. Proc.)

The judgment *nisi* being invalid under the law, it follows that no valid final judgment could be rendered upon it. And such being the case, it is unnecessary to examine and discuss the other errors assigned, as they relate entirely to matters occurring subsequent to the judgment *nisi,* and are such as are not likely to arise upon another trial.

*Reversed and remanded.*

Opinion delivered October 14, 1882.

WILLSON, J., having been of counsel, does not sit in this case.